J. V. MOORE et al. *v.* E. W. D. DUNN.

JUSTICE OF THE PEACE — COUNTY COURT LAW.— The act of the legislature of July 11, 1870, abolishing the county courts, provides that all suits then pending in said county courts, when the principal of the amount in controversy does not exceed $150, shall be transferred to any justice's court

at the county seat of the county in which such suit is pending. Where suit was brought in the county court, and transferred to a justice's court at the county seat, which court gave judgment for plaintiff, who appealed to the circuit court. It was error in the circuit court to dismiss the case for want of jurisdiction in the justice's court.

Error to the Circuit Court of Chickasaw County. Hon. W. D. Bradford, Judge.

This was a suit by attachment brought by defendant in error against the plaintiff in error in the county court of Chickasaw county, at the March term 1869, thereof. The suit was pending in July, 1870, when the county court was abolished. The case was transferred to a justice's court at the county seat, which court rendered a judgment for the plaintiff.

The defendant took an appeal to the circuit court, and there the plaintiff moved the court to dismiss the appeal for the want of jurisdiction in the justice's court, which motion was sustained and the case comes to this court upon a writ of error.

The following is assigned for error:

" The circuit court erred in sustaining the motion of. plaintiff below to dismiss the appeal from the justice's court."

*Tucker, Harper & Buchanan* and *A. G. Shannon,* for plaintiff in error.

*Carlisle & Carlisle,* for defendants in error.

Peyton, C. J., delivered the opinion of the court.

In this case, it appears that on the 7th day of January, 1869, E. W. D. Dunn sued out an attachment for $58.60, returnable into the county court for the 2d district of Chickasaw county, wherein it was pending when the county courts were abolished by an act of the legislature, approved July 11, 1870. By the 3d section of which it is provided, that all cases then pending in said county courts, where the principal of the amount in controversy does not exceed $150, shall be transferred to any justice's court at the county seat of the county in which such suit is pending. Laws of Miss., 1870, page 83.

3

This suit was transferred to a justice's court at the county seat, which was in the 1st district of said county, and that court rendered judgment for the plaintiff against the defendants, who appealed to the circuit court of said first district, and the appeal was dismissed by said circuit court for want of jurisdiction.

The appeal was properly taken to the circuit court of the district in which the justice of the peace rendered judgment. The court, therefore, erred in dismissing the appeal.

The judgment must be reversed, and the cause remanded.